UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN SECTION

HELDER PEIXOTO,                         )
                                        )
                    Plaintiff           )
                                        )
vs.                                     )
                                        )        Case No. 04-CV-10435 (JLT)
EQUIFAX CREDIT REPORTING                )
AGENCY, TOM CHAPMAN,                    )
                                        )
                    Defendants          )

## MEMORANDUM OF REASONS IN SUPPORT OF
## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S
## MOTION TO CONSOLIDATE

Defendants Equifax Information Services, Inc. ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union LLC ("Trans Union") respectfully submit this Memorandum of Reasons in support of their respective Motions for Consolidation pursuant to Rule 42 of the Federal Rules of Civil Procedure.

## I.

## STATEMENT OF FACTS

Plaintiff Helder Peixoto has sued three credit reporting agencies, Equifax, Experian and Trans Union, and their respective Chief Executive Officers, in three separate cases: (1) Peixoto v. Equifax Credit Reporting Agency, 1:04-cv-10435 (JLT) (the "Equifax action"); (2) Peixoto v. Experian, 1:04-cv-10436 (JLT) (the "Experian action"); and (3) Peixoto v. Transunion LLC, 1:04-cv-10437 (JLT) (the "Trans Union action").

In each of the three actions, Plaintiff has filed virtually identical complaints alleging causes of action under the Fair Credit Reporting Act and Massachusetts law. (See Complaint in Experian Action, attached as Exhibit A; Complaint in Equifax Action, attached as Exhibit B; and Complaint in Trans Union Action, attached as Exhibit C.) The crux of each Complaint is that the respective credit reporting agency defendants reported incorrect creditor and inquiry information on Plaintiff's respective credit reports. (See Experian Comp., p. 4-8; Equifax Comp., p. 4-8; Trans Union Comp., p. 3-8). In fact, Plaintiff asserts that each of the Defendant credit reporting agencies reported identical or virtually identical information. (Id.) Plaintiff asserts that he attempted to have this information removed from his credit reports but each of the respective defendants failed to do so. (Id.) Additionally, plaintiff makes a conclusory allegation that the CEOs of each consumer reporting agency were "responsible and liable" for unidentified

NYI-2141147v1

procedures. He further generally alleges that the consumer reporting agencies reported allegedly inaccurate credit information. (Id.)

While it is true that Plaintiff named a different individual employee in each action, the claims against each are focused on the reporting of the exact same allegedly inaccurate credit information in each matter. (Id.) Thus, although there are different individual employees the focus of this matter will remain on the allegedly inaccurate credit information reported by each credit reporting agency.

## II.

### ARGUMENT

Federal Rule of Civil Procedure 42 states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated;   and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

Fed. R. Civ. P. 42. Other courts have consolidated actions in which violations of the Fair Credit Reporting Act are alleged. See Russell v. Chrysler Financial Corp., No. 99-1849, 2000 WL 572015, at *1 (6th Cir. May 5, 2000) (noting that district court consolidated two lawsuits involving Fair Credit Reporting Act) (attached as Exhibit D); Lecompte v. Credit Bureau of Baton Rouge, Nos. CIV. A. 95-2019, CIV. A. 95-2023, CIV. A. 95-2024, 1996 WL 255923, at *1 (E.D. La. May 13, 1996) (indicating that three lawsuits against credit reporting agencies were consolidated) (attached as Exhibit E).

As stated above, each of three actions involve common questions of law and fact and are properly subject to consolidation. Furthermore, as the discovery in each case will be identical, consolidation of the three actions will prevent unnecessary costs and delay to both Plaintiff and

each of the defendants. Indeed, the Court scheduled each of the three actions to have their Initial

Scheduling Conferences at the same time.

### III.

### CONCLUSION

Pursuant to the foregoing, Defendant Experian respectfully requests that the Court grant

its Motion to Consolidate.

Dated: Boston, Massachusetts
     June 24, 2004

TRANS UNION LLC

Mardic Marashian, Esq. (BBO#548607)
BONIN & MARASHIAN
77 Franklin Street, 4th Floor
Boston, Massachusetts 02110
Tel: (617) 723-2525

Dated: New York, New York
     June 22, 2004

EXPERIAN INFORMATION SOLUTIONS, INC.

Albert J. Rota, Esq., *pro hac vice*
JONES DAY
222 E. 41st Street
New York, New York 10017
Tel: (212) 326-3958
Fax: (212) 755-7306

- and -

Robert S. White (BBO#552229)
Bourgeois, Dresser, White & Beard
4 Dix Street
Worcester, MA 01609
Telephone: 508-798-8801
Fax: 508-754-1943

Dated: Boston, Massachusetts
      June 24, 2004

EQUIFAX INFORMATION SERVICES, LLC

David B. Wilson, Esq. (BBO# 548359)
ROBINSON & COLE
One Boston Place
Boston, Massachusetts  02108-4404
Tel:  (617) 557-5900

## **Local Rule 7.1 Certification**

Pursuant to Local Rule 7.1(A)(2), I hereby certify that I conferred with Plaintiff Helder Peixoto via telephone messages exchanged on June 17 & 18, 2004 in a good faith effort to narrow areas of dispute related to this motion.

**Albert J. Rota, Esq.**

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was mailed, first-class mail, postage prepaid, on this 24th day of June, 2004, to:

> Helder Peixoto
> 161 Webster Avenue
> Cambridge, Massachusetts  02141
> *Plaintiff Pro Se*

Mardic Marashian